**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-14006-TP-MARTINEZ/GALLER**

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTOPHER RASCOLL,

Defendant.
_______________________________________/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**THIS MATTER** was referred to the Honorable Brandy Brentari Galler, United States Magistrate Judge, for a Report and Recommendation ("R&R") on Defendant's Motion to Dismiss Violation of Supervised Release Petition Alleged Violations 11-15 (the "Motion"), [ECF No. 35]. (Order of Reference [ECF No. 39]). On October 29, 2026, Judge Galler filed an R&R recommending that the Court deny Defendant's Motion. [ECF No. 54]. On November 12, 2026, Defendant filed his objections to the R&R ("Objections"), [ECF No. 55].

The Court has a duty to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). It also may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The Court, having conducted a *de novo* review of the portions of the R&R properly objected to by Defendant, agrees with Magistrate Judge Galler that denial of the Motion is warranted.

First, the Court agrees with Judge Galler that it lacks jurisdiction under 18 U.S.C. § 3583(e) to review constitutional challenges of supervised release conditions. *See United States v.*

*McClamma*, 676 F. App'x 944 (11th Cir. 2017). In objecting to the same, Defendant contends that he "is not arguing the constitutionality to dismiss Special Condition 6 itself, but rather, that the condition cannot be interpreted in an unconstitutional manner." (Obj. 2–3). But that contention is contravened by the express language in Defendant's Motion, which raises a direct challenge to the constitutionality of the special condition at issue. (*See, e.g.*, Mot. 3 ("Supervised Release Special Condition 6 violates Mr. Rascoll's federal and state constitutional rights[.]")). In any event, the Court also finds Defendant's contention to be unpersuasive for the reasons addressed within Judge Galler's R&R. (*See* R&R 5–7).

Second, the Court agrees with Judge Galler that its review is barred by the invited error doctrine. *See United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009). The language within the relevant supervised release condition—which goes to the heart of Defendant's Motion—was provided by defense counsel, and Defendant acknowledged that he understood "what [he] can and cannot do" based on such language. (*See* R&R 3, 7). Defendant's objection to Judge Galler's R&R is therefore unpersuasive because "Defendant cannot challenge a condition he proposed." (*Id.* 7).

Finally, the Court turns to Judge Galler's determination that, even if the Court could address the constitutionality of the relevant supervised release condition, the condition is nevertheless lawful. The Court reviews for clear error, as opposed to conducting a *de novo* review, because Defendant raised no specific objection to Judge Galler's finding and instead merely cited the exact arguments already raised in its Motion and rejected by Judge Galler. (*See* Obj. 5); *see also, e.g.*, *Button v. McCawley*, No. 0:24-CV-60911, 2026 WL 292150, at *1 (S.D. Fla. Feb. 4, 2026) (reviewing a report and recommendation for clear error where plaintiffs "merely parrot[ed] the *same* exact arguments" already raised before and rejected by the magistrate judge (emphasis

in original)). Finding no clear error in Judge Galler's determination, the Court adopts it.

Accordingly, after careful consideration, it is hereby **ORDERED AND ADJUDGED** that:

1. United States Magistrate Judge Galler's Report and Recommendation, **[ECF No. 54]**, is **AFFIRMED** and **ADOPTED**.
2. Defendant's Motion to Dismiss Violation of Supervised Release Petition Alleged Violations 11-15, **[ECF No. 35]**, is **DENIED**.
3. Defendant's objections, **[ECF No. 55]**, are **OVERRULED**.

**DONE AND ORDERED** in Miami, Florida, this 13 day of November 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Brandy Brentari Galler
counsel of record